Martin v. State.

## MARTIN v. STATE.

(*Knoxville.* September Term, 1914.)

1. **INFANTS. Crimes. Punishment. Assessment by jury.**

Since the indeterminate sentence act (Laws 1913, ch. 8) expressly provides that it shall apply only to persons over eighteen years of age, one under that age convicted of manslaughter could only be sentenced to the reform school, under Laws 1907, ch. 599, sec. 4, for a term·to be fixed by the jury. (*Post, p.* 509.)

Acts cited and construed: Acts 1913, ch. 8; acts 1907, ch. 599, sec. 4.

Codé cited and construed: Sec. 7202 (S.).

2. **CRIMINAL LAW. Reversal. Necessity of discharge of accused.**

Where a criminal case is reversed because the court erroneously takes the punishment away from the jury, the cause will be remanded for a new trial, and the defendant is not entitled to his discharge. (*Post, p.* 509.)

Case cited and approved: Gass v. State, 172 S. W., 305.

---

FROM MONROE.

---

Appeal from the Circuit Court of Monroe County.— SAM C. BROWN, Judge.

EUGENE E. IVINS and M. F. VALENTINE, for appellant.

WM. H. SWIGGART, JR., assistant attorney-general, for the State.

Martin v. State.

Mr. Justice Williams delivered the opinion of the Court.

Plaintiff in error, Martin, was convicted of the crime of manslaughter, being, on date of conviction, under the age of 18 years.

The trial judge said in his charge to the jury:

"If you find him guilty of that offense, you have nothing to do with the punishment, as the law fixes the punishment of defendant in the Tennessee Reformatory for Boys."

It is contended that the trial judge was in error in assuming that the indeterminate sentence act applied, thus taking from the jury the fixing of the term of defendant's sentence.

By its express terms that act (Acts 1913, ch. 8) applies only to persons over 18 years of age at the time of conviction.

Excluded from the operation of that act, plaintiff in error was subject to have an assessment of punishment only under the law as it stood independent of or before that act was passed, in the Reform School (Acts 1907, ch. 599, sec. 4) for a term of imprisonment to be fixed by the trial jury. Shannon's Code, sec. 7202.

The result is that plaintiff in error is entitled to a remand for a new trial, but to no further relief. *Gass v. State,* 172 S. W., 305, decided at the present term, and cases there cited. Reversed and remanded.